

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) | |
| | ) | |
| JERRY HERNANDEZ, | ) | CASE NO. 11-31893-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion of Mountain View Properties, LLC, for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to Foreclose" (Docket No. 19). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Jerry Hernandez ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on February 28, 2011. William E. Heitkamp is the Chapter 13 Trustee.

At the hearing on the instant motion, Debtor testified that he works as a truck driver. He testified that an outside company, Sunburst Truck Lines ("Sunburst"), arranges contracts

for him, and, after deducting costs for fuel[1] and insurance for the truck, pays him for the contracts. He testified that, on the petition date, he was driving locally, and receiving income of approximately $4,000 per month, after deductions. He testified that, in the several weeks prior to the hearing on the instant motion, he has begun driving long-distance, and has been receiving income of approximately $6,400 per month. He testified that he anticipates that he will continue driving long-distance, and will continue to receive $6,400 per month.

      The changes in Debtor's income and expenses are not presently reflected in Debtor's Schedules I and J. Debtor also testified that his schedules do not reflect expenses for the purchase of homeowner's insurance, or for payment of social security taxes, federal income taxes, or ad valorem property taxes.

      On the petition date, Debtor submitted a proposed wage order. The wage order, entered on March 1, 2011, requires Sunburst to pay $313.75 out of Debtor's income for each pay period to the Chapter 13 Trustee. (Docket No. 4). Debtor testified that he is paid weekly.

---

[1]Debtor testified that he received a fuel surcharge of 14 percent of the cost of fuel when he was driving locally, and now receives a fuel surcharge of 35 percent while he is driving long-distance.

Sometime prior to October 9, 2009, Debtor purchased from Mountain View Properties, LLC ("Movant") real property located at 10715 Sagewillow Lane, Houston, Texas. The date of the original purchase is not in evidence.[2] Debtor testified that he occupies the property as his homestead, with his two children.

Debtor testified that Shawn Wolfswinkel, Movant's owner, required at the inception of the sales agreement that Debtor purchase insurance through Movant. He testified that he was told he could not purchase his own insurance on the property. Debtor's testimony on this issue is credible.

Wolfswinkel testified that Debtor was not current in making payments on October 9, 2009. He testified that Debtor never purchased insurance, and thus Movant was required to purchase force-placed insurance on the property. He testified that Movant received proceeds on an insurance claim filed after Hurricane Ike.[3] He testified that Movant and Debtor reached an agreement under which the proceeds received would be applied to Debtor's missed payments, and the remainder applied as a principal reduction.

---

[2] In the instant motion, Movant asserts that Debtor purchased the property on January 18, 2008. None of the original documents are in evidence.

[3] The court takes judicial notice that Hurricane Ike hit the Houston area during September, 2008.

On October 9, 2009, Debtor executed a wraparound note payable to Movant, calling for monthly payments of $953.23 through January 31, 2013, when the entire principal balance would become due. (Movant's Exhibit A). Debtor also executed a deed of trust with respect to the property. (Movant's Exhibit B). Debtor and Movant also executed a letter agreement, providing that $6,386.71 in insurance proceeds Movant received from Pacific Specialty Insurance Company would be applied to the amounts past due, and the original principal balance, with Debtor to repair the property at his own expense within 12 months. (Movant's Exhibit L). The new principal balance under the letter agreement, which is also reflected in the note, is $107,350.38. (Movant's Exhibits A, L).

Although Wolfswinkel testified that there were sufficient funds to cure Debtor's arrearage and apply some funds to the principal balance as of October 9, 2009, Movant's ledger regarding payments received from Debtor does not reflect a zero balance on that date, and in fact does not reflect the application of any funds on that date. The ledger reflects payments of $3,000.00 on November 28, 2009, $4,782.05 on February 19, 2010, $3,912.00 on May 25, 2010, $990 on August 2, 2010, $2,965.00 on October 1, 2010, and $900 on November 13, 2010. The ledger entries reflect that Debtor was current on October 1, 2010. (Movant's Exhibit K).

4

Wolfswinkel testified that Debtor made no payments from November, 2010 through the petition date. He testified that Movant has received no funds from the Chapter 13 Trustee.

As of May 25, 2011, the Chapter 13 Trustee's pay ledger reflected that he had received $473.46 from Debtor (either directly or from Sunburst) since the inception of the instant Chapter 13 case. (Movant's Exhibit S).[4]

In Debtor's plan in the instant Chapter 13 case, Debtor provides for 60 payments, in the amount of $1,250 each, to the Chapter 13 Trustee. The plan provides for monthly disbursements to Movant in the amount of $953.23 for regular monthly mortgage payments, plus $3,800.00 in months 16 through 53 for payment of Movant's alleged arrearage. (Docket No. 10).

Movant has not filed a proof of claim in the instant case. Wolfswinkel testified that, on the petition date, the total amount due was $113,434.58. He testified that Movant owes $93,351.22 on the underlying note.

Debtor's schedules indicate that the value of the property is $112,749. (Docket No. 9).

In the instant motion, Movant seeks relief from stay in order to foreclose. Movant asserts that Debtor's failure to make payments constitutes cause for relief from stay. Movant also

---

[4]The court notes that, although there is a wage order in place, it is Debtor's responsibility to ensure that all payments are made to the Chapter 13 Trustee.

asserts that Debtor has failed to adequately maintain the property, and that that failure also constitutes cause for relief from stay.

Movant also asserts that Debtor lacks equity in the property, and the property is not necessary for an effective reorganization.

With respect to the condition of the property, Wolfswinkel testified that Movant has received letters from the homeowners' association complaining about the condition of the property. As to each of the letters, Debtor testified that he has made the repairs requested. He testified that the only repair remaining to be done is to fix one gate. The court finds Debtor's testimony credible on this issue.[5]

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such

---

[5]The court does not make any finding as to whether the repairs are sufficient to satisfy the homeowners' association, or whether the repairs are sufficient under the contract between Debtor and Movant. The court's finding is limited to addressing Debtor's efforts in repairing the property as they relate to cause for lifting of the automatic stay.

>>party in interest;
>
>>(2) with respect to a stay of an act against property under subsection (a) of this section, if--
>
>>>(A) the debtor does not have an equity in such property; and
>
>>>(B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

>Section 362(g) of the Bankruptcy Code provides:
>
>>(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
>>>(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>
>>>(2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances.  <u>In re Reitnauer</u>, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); <u>In re Mendoza</u>, 111 F.3d 1264 (5th Cir. 1997).

In the instant case, Debtor's failure to make payments constitutes cause for granting some relief to Movant.  However, Debtor appears to have a need for the property, and, based on his testimony, now has the means to make payments.  The court concludes that the stay should be conditioned.

Based on the foregoing, a separate Judgment will be entered conditioning the automatic stay with respect to Movant.

Signed at Houston, Texas on June 22, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE